## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| CRYSTAL RHONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| AFNI, INC., RADIUS GLOBAL SOLUTIONS | ) | |
| LLC, and LUMEN TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

CRYSTAL RHONE ("Plaintiff") brings this action on behalf of herself against defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), AFNI, INC. ("AFNI"), RADIUS GLOBAL SOLUTIONS LLC ("RGS"), and LUMEN TECHNOLOGIES, INC. ("Lumen") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), Defamation, and Intentional Infliction of Emotional Distress.

2.      "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer

reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.      Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4.      The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors.

5.      Plaintiff owed a debt to Lumen f/k/a CenturyLink. Plaintiff timely paid that debt to Lumen in October 2020. Unbeknownst to Plaintiff, Lumen erroneously applied Plaintiff's payment to the wrong account leaving a small balance on Plaintiff's account, then sold Plaintiff's erroneous debt to third-party debt collector RGS, who reported the erroneous debt on Plaintiff's Equifax and Experian credit reports. RGS then sold the erroneous debt to another third-party debt collector, AFNI. AFNI then attempted to collect an erroneous debt by sending a collection letter to Plaintiff. In the meantime, Plaintiff called Lumen and learned from a customer representative that Lumen applied Plaintiff's October 2020 payment to the wrong account. Lumen then sent Plaintiff an overage check as Plaintiff had paid too much for her CenturyLink bill. With this information, Plaintiff wrote a dispute letter to RGS, and Equifax about the erroneous debt reporting on Plaintiff's Equifax credit report. But Equifax, nor RGS conducted a reasonable investigation. Additionally, AFNI, without authorization, accessed Plaintiff's Trans Union credit report prior to sending Plaintiff a collection letter about a debt she does not owe.

6.      Defendants' have failed their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy. And their failures are causing Plaintiff to suffer as she is trying to qualify for a mortgage.

## JURISDICTION

7.      Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

9.      Plaintiff is a natural person who resides in Adams County, Colorado.

10.     Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11.     Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12.     RGS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

13.     RGS is a debt collector as defined by the FDCPA, with a principal office located in Edina, Minnesota.

14.     AFNI is a debt collector as defined by the FDCPA, with a principal office located in Bloomington, Illinois.

15.     Lumen is an American telecommunications company headquartered in Monroe, Louisiana. On September 14, 2020, CenturyLink announced it is rebranding as Lumen Technologies Inc.

16.     Defendants regularly conduct business in Colorado and have registered agents located in Colorado.

## FACTS

**A.     Lumen misapplied Plaintiff's cellphone payment, causing third party debt collectors to pursue a debt she does not owe, and credit reporting agencies to report a collection that should not exist.**

17.     Plaintiff is trying to qualify for a mortgage but has been denied due to errors on her Equifax credit report. The errors stem from defendant Lumen mishandling Plaintiff's CenturyLink payment from October 2020 about a small cellphone bill.

18.     In January 2021—as Plaintiff started working with mortgage professionals to obtain a mortgage—she learned of a "Radius Global Solution" collection on her Equifax and Experian credit reports for $88. The original creditor of that collection stated CenturyLink.

19.     In early 2021 Plaintiff called CenturyLink to find out why it thinks she owed it any money. During that call, Plaintiff spoke with Barbara—employee number 520018—that CenturyLink misapplied Plaintiff's October 2020 payment to a wrong account. Barbara apologized. But Lumen's mistake is still injuring Plaintiff through the improper conduct of all defendants.

20.     In May 2021 Lumen mailed Plaintiff a check for $55.51 as Plaintiff overpaid her CenturyLink account in October 2020. But Lumen still sent third-party debt collectors after Plaintiff to recoup a debt Plaintiff does not owe.

21.     On May 18, 2021, while working with a mortgage professional, she learned the Radius Global Solution collection was still reporting on her Equifax and Experian credit reports.

22.     As a result, Plaintiff mailed a dispute letter to Experian, Equifax, and RGS via certified mail. Plaintiff stated: "RADIUS GLOBAL SOLUTION #261558. I paid this account in a timely manner however CenturyLink applied my payment to the wrong account. I have spoken with them about it and they said they would remove the account from my credit report. Please remove this immediately."

23.     Plaintiff's Equifax and RGS dispute letters were delivered to both companies on June 25, 2021.

24.     RGS never responded to Plaintiff's dispute letter.

25.     On information and belief both Equifax and Experian forwarded Plaintiff's certified dispute letters to RGS for investigation under the FCRA.

26.     Plaintiff never heard from Experian, but the RGS collection was subsequently removed from Plaintiff's Experian credit report.

27.     On July 20, 2021—two months after Plaintiff received her overage check from Lumen—Equifax responded to Plaintiff's dispute letter erroneously stating: "We have verified that this item has been reported correctly."

28.     RGS nor Equifax used sufficiently rigorous thresholds to investigate, or re-investigate, Plaintiff's disputes, failed to review the materials that Plaintiff sent to them and as a result left the erroneous RGS collection on her Equifax credit report.

29.     Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, RGS and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's Equifax credit report.

30.     Upon information and belief RGS, and Equifax failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to

remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

31.     In September 2021—7 months after Lumen acknowledge it made a mistake and 4 months after it sent Plaintiff an overage check—Plaintiff received a collection notice from defendant AFNI about the same CenturyLink collection. The notice stated: "This account has been placed with our agency for collection. In an effort to resolve this matter, we are willing to accept $53.07 to resolve your account."

32.     As a result of this improper attempt to collect a debt Plaintiff does not owe, she accessed her credit reports again.

33.     Plaintiff learned that on September 11, 2021, AFNI improperly accessed Plaintiff's Trans Union credit report without obtaining proper authorization.

**B.      Defendants' actions have damaged Plaintiff.**

34.     The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' actions have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress.

35.     As a direct result of the errors contained in Plaintiff's credit reports about the RGS collection, Plaintiff was denied a mortgage loan.

36.     Defendants' actions have also violated Plaintiff's privacy as they have published these errors to third parties.

37.     Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

     i.     Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

     ii.    Time and expense of pulling/reviewing credit reports and meeting with mortgage professionals about how to best proceed;

iii.   Believing that the erroneous account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on ability to obtain credit;

iv.   Adverse information on credit reports and a negative impact to credit rating;

v.   An inability to improve credit scores during the dispute process;

vi.   An inability to qualify for a mortgage;

vii.   Invasion of privacy;

viii.   A lower credit score; and

ix.   Having to hire attorneys to combat the improper credit reporting.

## Count I – Equifax
## FCRA §§ 1681e(b) and 1681i

38.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

40.   Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

41.   Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

42.   Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.  failing to delete the erroneous items from Plaintiff's Equifax credit file within the 30-day period of receiving Plaintiff's dispute, in violation of § 1681i(a)(1);

c.  failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

e.  failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

43.  These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

44.  In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count II– RGS**
**FCRA—Failure to investigate**

45.　Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

46.　Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after RGS receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [RGS] shall conduct an investigation with respect to the disputed information."

47.　Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after RGS receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [RGS] shall review all relevant information provided by the consumer reporting agency…"

48.　RGS failed to fully and properly investigate Plaintiff's disputes relating to Plaintiff's RGS account.

49.　RGS failed to review all relevant information provided by Equifax, or Experian relating to Plaintiff's disputes.

50.　RGS's conduct, action, and inaction was willful, or, in the alternative, negligent.

51.　Plaintiff suffered embarrassment, humiliation, and emotional distress because of RGS's failure to fully and properly investigate Plaintiff's disputes.

**Count III—RGS**
**Violation of the FDCPA**

52.　Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

53.　The foregoing acts and omissions of Defendant RGS constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by publishing false credit information about Plaintiff to Equifax, and Experian; misrepresenting the amount, status

and character of Plaintiff's alleged collection in the credit information provided to Equifax, and Experian and attempting to collect a debt from Plaintiff that she does not owe.

## Count IV—AFNI
## Violation of the FDCPA

54.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

55.    The foregoing acts and omissions of Defendant AFNI constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by attempting to collect a debt from Plaintiff that she does not owe by sending her a collection notice in September 2021 for a debt that falsely represented the character, amount, and legal status of the alleged debt.

## Count V—AFNI
## Violation of the FCRA--§1681b

56.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

57.    AFNI's conduct, as delineated above, is a violation of 15 U.S.C. §1681b.

58.    Pursuant to 15 U.S.C. §1681b(f), the FCRA establishes very specific rules placing limitations upon an entity seeking to obtain a consumer's credit history or the content of a consumer's credit file.

59.    Pursuant to 15 U.S.C. §1681b(a)(3), the FCRA lists the all-inclusive purposes for which a consumer report can be obtained.

60.    AFNI did not have a permissible purpose to access Plaintiff's credit information in September 2021.

61.    AFNI had actual knowledge that it had no permissible purpose to obtain Plaintiff's credit information.

62.     AFNI's conduct of accessing Plaintiff's credit information constitutes willful non-compliance with the FCRA.

63.     Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation of the FCRA.

64.     As a result of AFNI's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from AFNI's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's detriment and loss.

**Count VI—Lumen**
**Defamation**

65.     Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

66.     Lumen willfully and intentionally or, alternatively, recklessly published and disseminated false and inaccurate information concerning Plaintiff with disregard for the truth of the mattes asserted.

67.     Lumen's publishing of such false and inaccurate information has severely damaged the personal, business, and consumer reputation of Plaintiff, which has caused humiliation, emotional distress, and mental anguish to Plaintiff.

68.     Lumen as notified of inaccuracies by Plaintiff. But Lumen continued to issue and publish reports/documents to third parties—for example RGS and AFNI—that contained inaccurate information about Plaintiff and further caused those third parties to publish false information about Plaintiff.

69.     Lumen was notified of inaccuracies by Plaintiff and acknowledge its error. But Lumen continued to issue and publish reports/documents to third parties that contained inaccurate information about Plaintiff.

70.     Lumen has, with willful and malicious intent to injure, defamed Plaintiff.

**Count VII—Lumen**
**Intentional Infliction of Emotional Distress**

71.     Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

72.     Lumen has engaged in extreme and outrageous conduct by marring Plaintiff's credit reports, reputation, and standing in the community; and engaged in that conduct recklessly or with the intent to cause Plaintiff to suffer sever and emotional distress.

73.     Plaintiff has suffered severe emotional distress and mental anguish due to Lumen's acts and omissions described herein.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.     Enter judgment in Plaintiff's favor and against all Defendants jointly and severally;
b.     Appropriate statutory penalties for each violation of the FCRA and FDCPA;
c.     Actual damages;
d.     Punitive damages;
e.     Reasonable attorney's fees and the costs of this litigation;
f.     Pre-judgment and post-judgment interest at the legal rate;
g.     Appropriate equitable relief, including the correction of Plaintiff's credit reports; and
h.     Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: February 3, 2022                    */s/ James M. Smith*

James M. Smith
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (312) 319-2879
Fax: (312) 319-4084
jsmith@dohertysmith.com

*Counsel for Plaintiff*

## VERIFICATION

Plaintiff Crystal Rhone declares as follows:

1.      I am the Plaintiff in this Verified Complaint.

2.      I reside in Adams County, Colorado.

3.      I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.      I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Colorado that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 2/3/2022
_____

*Crystal Rhone*
ID Sjjamt5hpbMPHvBSV6RDv2QA
_____
/s/ Crystal Rhone, Plaintiff

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **Sjjamt5hpbMPHvBSV6RDv2QA** |
| Signed by: | Crystal Rhone |
| Sent to email: | jadeacry3@gmail.com |
| IP Address: | 71.33.132.43 |
| Signed at: | Feb 3 2022, 12:09 pm CST |